UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDDIE TRIPLETT # 125982                      CIVIL ACTION

VERSUS                                        NO. 04-1434

N. BURL CAIN, WARDEN                    SECTION "C"
LA. STATE PENITENTIARY

ORDER AND REASONS

       Before the Court is one remaining claim in the application for writ of habeas corpus under 28 U.S.C. § 2254 filed by the petitioner, Eddie Triplett ("Triplett"), challenging his 1998 conviction for cocaine possession and 1999 life sentence as a fourth felony offender. The remaining claim pertains to a violation under *Brady v. Maryland*, 373 U.S. 83 (1963) due to the alleged non-production of the complete police report and attendant allegedly perjured testimony by the arresting police officers. In its July 7, 2011, Order and Reasons, the Court denied relief as to the first seven claims made in the petition, but found that an evidentiary hearing was warranted on "Claim VIII: Withholding of Exculpatory Evidence," to determine if the complete police report was, in fact, provided to the defense prior to trial. The Court also appointed counsel to represent the petitioner. Rec. Doc. 25.

       Specifically, the petitioner alleges in Claim VIII that the police report provided to the defense prior to trial lacked the narrative section which referred to a suspect named Michael Cola ("Cola"), not petitioner, as the person actually seen by the officers in possession of cocaine at time and place of Triplett's arrest. In its earlier ruling, the Court found this evidence to be material and exculpatory for several reasons. First, the officers testified at trial that Triplett was the person in possession of cocaine that night, which is contradicted by that portion of their own report. Second, the arresting officers testified at trial that Triplett was the only one detained at that time and place, also contradicted by the missing portion of their own report. Finally,

1

Triplett himself testified at trial that the police simultaneously apprehended another man at the time of his own arrest, which would have been bolstered by the police narrative had it been available at trial.

Since that time, the petitioner has filed an affidavit from the petitioner's former trial counsel pertaining to the issue presented in this remaining claim. According to the affidavit, Triplett's previous defense counsel, Omodare Jupiter, has no specific recollection of the police report in Triplett's case, which is hardly surprising since the trial occurred thirteen years ago. (Rec. Doc. 41, Affidavit ¶ 4). In addition, the defendant has advised that he would present no evidence at an evidentiary hearing. Therefore, with the consent of counsel, the issue is submitted on the record with no evidentiary hearing. Having considered the record and the law, the Court finds that relief is warranted for the following reasons.

At the outset, the Court finds that it now has sufficient information from the record to conclude that the full police report, and in particular the narrative portion identifying Michael Cola as the guilty party, was not produced to the defense prior to trial. The Court comes to this conclusion for the following reasons:

1. At trial, Officers Keating and Staehle both testified that they were patrolling in the 8900 block of Green Street, in July 27, 1998, at around 10:45 p.m., and they saw Triplett on a bicycle, peering into a parked car. The moved to detain him at which point Triplett put a plastic bag into his mouth. They ordered him to remove it, and he did, throwing it on the ground. State Rec. Vol. 2, Tr. at 17-38. The substance was determined to be cocaine and Triplett was arrested.

2. In the narrative portion of the police report, Officers Keating and Staehle stated that at that exact same time and location, they observed a black male, "later identified as Michael Cola," on a bicycle, peering in to a parked car. In the report, the officers stated they moved to detain Cola, and they saw him take a clear plastic bag containing a white substance out of his pocket, and put it into his mouth. Officer Keating then ordered Cola to spit out the bag,

which he did, throwing it on the ground.  It was retrieved and Cola was arrested for possession of cocaine.  In short, the testimony given by Officers Keating and Staehle at trial mirrored the police report in all aspects, except the crucial one - the contemporaneous police report named Michael Cola as the person detained, not Eddie Triplett.  Rec. Doc. 23-1.

3. Both Officer Keating and Staehle insisted at trial that no one else was detained at that time and place, other than Triplett.   State Rec. Vol. 2, Tr. at 26-27,  35,  37-38.

4. Triplett testified at trial that he was in fact riding a bike down Green Street that night, and that both he and another person were stopped by the police.  Triplett stated that when both of them had their hands on the hood of the car,  he saw that the other man had something in his hand, which then fell to the ground.   One of the officers shined his light on the ground and found a bag. Triplett testified that the officers ran his name in the computer, and discovered that he had been arrested before.   They then told the other man he could go on his way.   Triplett denied the drugs were his.   State Rec. Vol. 2, Tr. at 40-43.    At trial, when Triplett was asked the other person's name, he seemed certain of the first name - Michael - but hesitated before saying the last name, McClay.   State Rec. Vol. 2, Tr. at 45.

5. Triplett had obviously told his defense counsel this version of the offense prior to testifying.   Indeed, defense counsel's affidavit confirms that the theory of defense at trial was that another man was the perpetrator, not Triplett.   Rec. Doc. 41 at ¶¶ 4-5.

6. During the cross-examination of Officers Keating and Staehle , prior to Triplett testifying,  defense counsel pressed both Keating as to whether another person was detained at the same time as Triplett. State Rec. Vol. 2, Tr. at at 26-27, 30, 35, 37-38.   Officer Keating repeatedly denied that anyone else was stopped.   Defense counsel specifically asked "That would be a lie if somebody were to come in here and say that?" State Rec. Vol. 2, Tr. at 27. This obviously referred to the fact that the defendant Triplett would soon be testifying to that effect.   It is clear to this Court defense counsel did not have the complete police report, and in particular the narrative portion identifying Michael Cola as the perpetrator, or he would have

3

undoubtedly confronted both officers with their own report to impeach them with the critical missing portion.

   7. As noted in the Court's earlier ruling, the full police report was not discoverable pretrial at the time Triplett was tried.  Only the initial report, which provided the basic facts of the offense, time and location, was discoverable.  La. Rev. Stat. §44:3(A)(4)(a). Rec. Doc. 25 at 20, fn 51.

   8. Defense trial counsel apparently did have this "gist" of the police report at the time of trial.  State Rec. Vol. 4.  The "gist" in this case was a one page handwritten document, dated the same day as the alleged offense and providing the time, location of the alleged crime and identifying Eddie Triplett as the only person arrested.   The gist made no mention of Michael Cola.  The full police report, on the other hand, is typewritten, and in much greater detail, including a much more detailed narrative, specifically identifying Cola as the perpetrator.

   9. The gist stated that the officers observed Triplett peering into a parked vehicle, at which point they moved to detain him.  According to the report, they saw Triplett put a clear plastic bag containing a white substance in his mouth.   They ordered him to remove it and he did, throwing it on the street.    At trial, Officer Keating testified that Triplett was on a bicycle, something not contained in the gist, and defense counsel did in fact question Officer Keating about the bicycle,  highlighting the discrepancy. State Rec. Vol. 2, Tr. at 24.  It is apparent to the Court that what defense counsel used at trial was the "gist" and not the full report including the narrative portion, which, as already noted, was not discoverable before trial.

For the above reasons, the Court finds by clear and convincing evidence that prior to trial defense counsel was not provided the full police report including the narrative portion with this significant and exculpatory evidence, and that no reasonable fact-finder would have found the applicant guilty of the underlying offense.  The Court concludes that this omission violates *Brady v. Maryland*, 373 U.S. 83 (1963) and entitles the petitioner to the relief sought.

Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Eddie Triplett is GRANTED.

IT IS FURTHER ORDERED that the conviction and sentence of Eddie Triplett is hereby SET ASIDE.

IT IS FURTHER ORDERED that the state either retry petitioner within 120 days or release him. The state shall notify the petitioner and this Court of its intention within five (5) days of this ruling.

Judgment will be entered accordingly.

New Orleans, Louisiana, this 29th day of September, 2011.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE